## Larry FIELDS

v.

## ARAMARK FACILITY SERVICES, INC.

### No. CIV. JFM–01–2585.

United States District Court, D. Maryland.

Jan. 14, 2003.

Albert Russell Snyder, Snyder and Bailey, LC, Salisbury, MD, for plaintiff.

Robert P. Scanlon, Anderson and Quinn, Rockville, MD, for defendants.

## MEMORANDUM

MOTZ, District Judge.

On December 9, 2002, this court entered an order granting defendants' motion for summary judgment. Thereafter, on January 3, 2003, after plaintiff had responded to the summary judgment motion for first time, this court entered an order rescinding the December 9, 2002 order. Having reviewed plaintiff's opposition and defendants' reply, I will again grant defendants' motion for summary judgment.

It is apparent from the record that plaintiff's employment was terminated because a third party—the Wicomico County Detention Center—revoked his security clearance. The security clearance was a necessary qualification for plaintiff's continued employment. Accordingly, to the extent that plaintiff claims that his employment was terminated because of his race,

or "whistle blowing," or as an act of retaliation, it fails.

If plaintiff is making any additional claims (a fact not entirely clear from the record), those claims too fail. He has no claim for denial of a promotion because he never applied for a promotion. He has no claim for disparate pay because the record demonstrates that two of the employees whom he alleged were paid more than he were, in fact, paid less than he. The third employee whom he identified was his supervisor, and there clearly is a legitimate business reason for paying a supervisor more than those employees whom he supervises.

Finally, if plaintiff is claiming that he should have been given another job that arose from the contract between ARAMARK and the Wicomico County Department of Parks and Recreation, he has not made out any *prima facie* showing that he was discriminated against. Moreover, the record establishes that the job as structured by ARAMARK required the holder of the Parks job to enter the Detention Center for which a security clearance was required. ARAMARK was under no obligation to restructure the job to suit plaintiff's situation.

A separate order granting defendants' motion and entering summary judgment on their behalf is being entered herewith.